DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court. Plaintiff-appellant, William Reese, by Lisa Reese, Guardian, contests the trial court's dismissal of his action in forcible entry and detainer for want of jurisdiction, and assigns the following as error:
 {¶ 2} "The lower court abused its discretion by denying Defendant's Objection to the Magistrate's Decision for the reason stated in the Court's decision attached."
 {¶ 3} On May 24, 2003, appellant and defendant-appellee, Alyssa Webb, entered into a fixed term lease agreement under which Webb leased the premises at 1481 Berdan, in Toledo, Ohio, for a period of one year at a rate of $600 per month. On April 23, 2004, appellant served appellee with a three-day notice to vacate the premises. Subsequently, on July 8, 2004, appellant filed an action in forcible entry and detainer seeking restitution of the premises, $1,300 in unpaid rent, $120 in late fees and $729 in unpaid utility bills. On July 15, 2004, the lower court magistrate issued a decision dismissing the FED action on the ground that the three-day notice was served more than two rental periods before the complaint was filed and as such the complaint was not timely filed. The trial court judge then issued a judgment entry adopting the magistrate's decision and dismissing the FED action for want of jurisdiction. In response, appellant filed objections to the magistrate's decision, asserting that he could find no law justifying the court's conclusion that it lacked jurisdiction to review the case. In an order journalized on August 23, 2004, the lower court denied appellant's objections and held: "The notice to leave the premises was sent more than seventy (70) days prior to the filing of the Complaint. The Complaint was not filed within a reasonable time and therefore, the Court lacks jurisdiction." It is from that judgment that appellant appeals.
 {¶ 4} When a tenant is in default in the payment of rent under the terms of a written rental agreement, a landlord may initiate an action in forcible entry and detainer to recover possession of the premises. R.C.1923.02(A)(9). An action in forcible entry and detainer brought under the authority of R.C. Chapter 1923 "shall be brought * * * within two years after the cause of action accrues." R.C. 1923.01(B). The cause of action accrues when the right to commence the action comes into existence.Palmer v. O'Leary (Dec. 3, 1975), 9th Dist. No. 7745. Before filing an FED complaint, however, the landlord "shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action[.]" R.C.1923.04(A). Accordingly, when a tenant is in default of the terms of the rental agreement, a landlord may initiate an FED action to recover possession of the premises by first serving the tenant with a three-day notice to vacate the premises. If the tenant does not vacate the premises by the end of the three day period, the landlord may then file the FED action as long as the action is filed within two years of the date on which the tenant was in default of the terms of the rental agreement.
 {¶ 5} The lower court dismissed appellant's FED action for lack of jurisdiction, finding that the filing of an FED action more than two rental periods after the service of the three-day notice was unreasonable. The only circumstance under which a landlord is required to "promptly commence" an FED action after filing the three-day notice to vacate is that set forth in R.C. 5321.17(C), which requires such filing when a tenant violates R.C. 5321.05(A)(9). That provision requires a tenant to "[c]onduct himself, and require persons in his household and persons on the premises with his consent to conduct themselves, in connection with the premises so as not to violate the prohibitions contained in Chapters 2925. and 3719. of the Revised Code, or in municipal ordinances that are substantially similar to any section in either of those chapters, which relate to controlled substances." There is nothing before this court that indicates appellant sought to evict appellee pursuant to this section.
 {¶ 6} The lower court therefore clearly had jurisdiction to review appellant's complaint and erred in dismissing appellant's FED action for lack of jurisdiction. The sole assignment of error is well-taken.
 {¶ 7} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This case is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.